# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | 2:11-cr-00304-RCJ-PAL |
| vs. | ) | |
| | ) | |
| DARRELL CONNERS, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pending before the Court is a motion that the Court interprets as a Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 74), although Defendant has not so entitled it. For the reasons given herein, the Court denies the motion.

Defendant Darrell Conners pled guilty to two counts of Interfering with Commerce by Armed Robbery and Aiding and Abetting and one count of Use of a Firearm During and in Relation to a Crime of Violence. (*See* J. 1, Jan. 28, 2013, ECF No. 73). The Court sentenced Defendant to 71 months imprisonment on each of counts 1 and 3, to run concurrently with one another, and to 120 months imprisonment on count 2, to run consecutively to counts 1 and 3, for a total of 191 months imprisonment, with a total of five years of supervised release to follow, a $300 assessment, and $16,737 in restitution. (*See id.* 2–5).

Defendant has asked the Court to enter an order *nunc pro tunc* modifying the judgment and sentence to include a recommendation that Defendant's sentence in the present case be served concurrently with his 10–30-year state sentence for robbery with a deadly weapon at the Nevada State Prison in Indian Springs, Nevada. The state judgment was entered after the federal

1  judgment, and the state court ordered it to run concurrently with the federal sentence.  The
2  federal court expressed no opinion on the matter, because there was as of yet no state judgment
3  when this Court entered judgment.  Defendant notes that the Bureau of Prisons ("BOP") has
4  deferred custody of him but has lodged a detainer with the Nevada Department of Corrections
5  ("NDOC").  That is, the BOP does not consider him to be in their custody until the state sentence
6  runs, at which point it will accept custody, and his federal sentence will begin to run.  The
7  practical effect is that the state and federal sentences will run consecutively.  Defendant argues
8  that had his counsel been aware of the situation, he would have asked the Court at sentencing to
9  have placed him in the custody of the BOP immediately, so that the federal sentence would have
10 begun to run immediately and the effect of the state court's order that the state sentence run
11 concurrently would have been that the sentences in fact ran concurrently.

12      The Government responds that the Court may only modify the sentence pursuant to
13 statute or Criminal Rule 35.  *See* 18 U.S.C. § 3582(c)(1)(B).  Rule 35 only permits corrections for
14 mathematical, technical, or clear errors, and only within fourteen days of sentencing.  *See* Fed. R.
15 Crim. P. 35(a).  The deadline is jurisdictional.  *United States v. Penna*, 319 F.3d 509, 512 (9th
16 Cir. 2003) ("The district court must correct a sentence within seven days after orally pronouncing
17 it *or else it loses its jurisdiction to modify the sentence*.").  And Rule 36 only applies to clerical
18 errors.  *See id.* at 513.

19      The Court therefore interprets the present motion as one pursuant to § 2255.  Presuming it
20 is timely, the Court denies it.  Defendant waived any right to appeal or collaterally attack any
21 aspect of his conviction and sentence except ineffective assistance of counsel, which he does not
22 argue here. (*See* Plea Agr. 11, Sept. 9, 2012, ECF No. 64).  In any case, the Government notes
23 that the underlying state conviction for armed robbery was for a crime unrelated to the crimes
24 charged in the present action, so the Court would not have been advised by the Guidelines in this

25                                    Page 2 of 3

case to impose sentence concurrent to the state charges. *See* U.S.S.G. § 5G1.3(b)–(c). The Court would have explicitly imposed the sentence to run consecutively to the state court action, even if the state court judgment had been imposed first. to the extent the Court may have any discretion to revisit the issue at this point due to the fact that the state judgment was entered after the judgment in the present case, it declines to do so. A federal sentence consecutive to the state sentence for unrelated crimes is appropriate.

Defendant has filed no timely reply.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 74) is DENIED.

IT IS SO ORDERED.

Dated this 28th day of May, 2014.

_____
ROBERT C. JONES
United States District Judge