UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>DARRELL CONNERS,<br><br>Defendant. | Case No. 2:11-cr-00304-RCJ-PAL<br><br>**ORDER**<br><br>(Mots Appoint Counsel – ECF Nos. 107, 110;<br>Mot Status Check – ECF No. 109) |

This matter is before the court on Defendant Darrell Conners' Motions for Appointment of Counsel (ECF Nos. 107, 110) and Motion for Status Check (ECF No. 109). These Motions are referred to the undersigned pursuant to 18 U.S.C. § 3006A(a)(2)(B) and LR and 1-7(c) of the Local Rules of Practice.

Mr. Conners is a *pro se* prisoner in the custody of the Federal Bureau of Prisons. He pled guilty to two counts of Interfering with Commerce by Armed Robbery and Aiding and Abetting and one count of Use of a Firearm During and in Relation to a Crime of Violence. *See* Judgment (ECF No. 73), entered Jan. 28, 2013. He filed a Motion for Nun Pro Tunc Modification of the Judgment and Conviction Sentence (ECF No. 74) in January 2014, which the court construed as a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. District Judge Robert C. Jones denied the motion on May 2014 Order (ECF No. 76). In December 2014, Conners asked the court to appoint him counsel. Mot. (ECF No. 78). Judge Jones denied the motion as untimely. Jan. 2015 Order (ECF No. 79). Mr. Conners filed his second § 2255 Motion (ECF Nos. 81) in May 2015. Judge Jones denied the second motion instructing Conners that he must ask the Court of Appeals for permission to file a successive motion. June 2015 Order (ECF No. 84).

In September 2017, the Court of Appeals granted Conners' application to file a second or successive 28 U.S.C. § 2255, finding that his application made a prima facie showing for relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015). *See* Order of Court of Appeals (ECF No. 108). The Order instructed the Clerk of the Court of Appeals to transfer his application to the District of Nevada to be processed as a § 2255 motion. The transfer is now complete and his § 2255 Motion (ECF No. 111) is pending in this court.

Mr. Conners's current motions ask the court to appoint counsel to assist in his federal habeas corpus proceedings. He also asks for a status check because he has not heard anything since from this court since the Court of Appeals returned his case here.

There is no constitutional right to appointed counsel in federal habeas corpus proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Sanchez v. United States*, 50 F.3d 1448, 1456 (9th Cir. 1995). However, an indigent petitioner seeking relief under 28 U.S.C. § 2255 may ask the court to appoint counsel to pursue that relief. 18 U.S.C. § 3006A(a)(2)(B). The court has discretion to appoint counsel to any financially eligible person when the interests of justice so require. *Id*.; *see also LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987). The District of Nevada issued a general order providing for the appointment of counsel to certain offenders with career criminal or armed career criminal status who may qualify for federal habeas relief under 28 U.S.C. § 2255 in light of the *Johnson* opinion. *See* First Amended General Order 2015-03 (D. Nev. 2016). The court appointed the Office of the Federal Public Defender for the District of Nevada for the limited purpose of determining whether these defendants may qualify for relief under § 2255. *Id*.

Here, the court finds that the interests of justice require the appointment of counsel. Mr. Conners represents that he has limited education and the issue involved in the Ninth's Circuit decision allowing a second or successive § 2255 motion involves application of a new substantive complex area of constitutional law that has retroactive effect in cases on collateral review. The court denied an earlier motion for appointment of counsel because Conners had not yet received permission to file a successive motion. The Court of Appeals has now granted his application to file a successive § 2255 motion and found that he made a prima facie showing for relief under *Johnson*. Counsel will be of assistance in this matter. Mr. Conners was previously determined to

be financially unable to retain counsel under § 3006A. The court therefore grants Conners' motion for appointment of counsel for the limited purpose of his § 2255 motion and provisionally appoints the Office of the Federal Public Defender for the District of Nevada. The court notes that the Federal Public Defender previously represented him in the underlying criminal matter.

Additionally, Conners' motion for status check is granted to the limited extent this Order explains the status of the case. Due to the large number of criminal and civil actions pending before the court, the Clerk of the Court is unable to respond in writing to individual inquiries regarding the status of your case. The court will notify you when any action is taken in your case. As long as you keep the court apprised of your current address, you will receive all court filings and decisions that might affect the status of your case. If you have not submitted a document required in your case, the court will notify you.

Accordingly,

**IT IS ORDERED:**

1. Defendant Darrell Conners' Motions for Appointment of Counsel (ECF Nos. 107, 110) are **GRANTED**. The Federal Public Defender is provisionally appointed to represent Mr. Conners.

2. The Federal Public Defender shall have until **April 19, 2018**, to undertake direct representation of defendant or to file notice with the court indicating an inability to represent defendant in these proceedings. If the Federal Public Defender is unable to represent defendant, then the court shall appoint alternate counsel.

3. The Clerk of the Court shall electronically SERVE the Federal Public Defender with a copy of this Order.

4. Defendant Darrell Conners' Motion for Status Check (ECF No. 109) is **GRANTED** to the limited extent this Order explains the status of the case.

Dated this 20th day of March, 2018.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE