UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES,<br><br>Plaintiff,<br><br>vs.<br><br>DANIEL CONNERS,<br><br>Defendant. | Case No.: 2:11-cr-00304-RCJ-PAL<br><br>**ORDER** |

After this Court previously denied two prior 28 U.S.C. § 2255 motions, (*see* ECF Nos. 74, 76, 81, 82, 84), Defendant again moves for relief from his conviction in this case under § 2255, (ECF No. 111). He bases this motion on claims of (1) ineffective assistance of counsel, (2) actual innocence, (3) this Court erred by not advising petitioner before accepting his guilty plea that it lacked authority to impose a sentence to be served concurrently with any state sentence, and (4) his conviction is invalid pursuant to *Johnson v. United States*, 576 U.S. 591 (2015), *Welch v. United States*, 136 S. Ct. 1257 (2016), and *United States v. Davis*, 139 S. Ct. 2319 (2019).

**FACTUAL BACKGROUND**

Defendant was indicted on ten counts: five for Interference with Commerce by Armed Robbery and five for Use of a Firearm During and in Relation to a Crime of Violence. (ECF No.

33.) He pleaded guilty to two counts of Interference with Commerce by Armed Robbery and one count of Use of a Firearm During and in Relation to a Crime of Violence. (ECF No. 64.) This Court sentenced him for these crimes to a total of 191 months' imprisonment without discussing whether this sentence would be consecutive or concurrent to any state sentence. (ECF No. 73.) At this time, Defendant was in the primary custody of the state of Nevada for related state crimes and only appearing before this Court under a writ of habeas corpus pro sequendum. (ECF No. 6.) Defendant was remanded to state custody, where the state court imposed two consecutive five-to-fifteen-year terms of imprisonment. (*See* Nev. Dep't of Corr., *Offender Search*, https://ofdsearch.doc.nv.gov/ (noting that Defendant is serving two consecutive five-to-fifteen-year terms of imprisonment). Defendant claims that the state court intended these sentences to run concurrent to the federal sentence. (ECF No. 127 at 3.)

## LEGAL STANDARD

A prisoner in custody "may move the court which imposed the sentence to vacate, set aside or correct the sentence" where the sentence is unconstitutional or unlawful, the court lacked "jurisdiction to impose such sentence," "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). This remedy is available only where the error is jurisdictional, constitutional, contains "a fundamental defect which inherently results in a complete miscarriage of justice," or includes "an omission inconsistent with the rudimentary demands of fair procedure." *Hill v. United States*, 368 U.S. 424, 428 (1962). A petitioner must prove, by a preponderance of the evidence, any grounds for vacating or modifying a sentence. *Johnson v. Zerbst*, 304 U.S. 458, 468–69 (1938).

A court should deny the petition without an evidentiary hearing if the record "conclusively show[s] that the prisoner is entitled to no relief." § 2255(b); *accord Shah v. United States*, 878 F.2d 1156, 1160 (9th Cir. 1989). Otherwise, a court should serve notice upon the government and

grant a hearing to make the necessary findings of fact and conclusions of law to rule on the petition. § 2255(b).

Upon denial, a court should determine whether to issue a certificate of appealability. Rules Governing § 2255 Proceedings 11(a). A certificate is appropriate when the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). That is, the petitioner must show that "reasonable jurists could debate whether . . . the petition should [be] resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

Under § 2244(b)(4), "[a] district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section." These requirements are satisfied where the motion contains

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

§ 2255(h). The district court has "the duty . . . to examine *each* claim of the second petition and to dismiss the claims that did not meet the[se] requirements. *Nevius v. McDaniel*, 218 F.3d 940, 944 (9th Cir. 2000) (emphasis added) (analyzing a petition under § 2254); *see United States v. Buenrostro*, 638 F.3d 720, 722 (9th Cir. 2011) (noting that "§ 2254 is nearly identical to § 2255 in substance" in the context of second or successive motions).

## ANALYSIS

The Court first readily concludes that Hobbs Act Robbery is not unconstitutionally vague. It is a crime of violence. In *Davis*, the Supreme Court held that the "residual clause" of 18 U.S.C.

§ 924(c)(3)(B) was unconstitutionally vague in its definition of a crime of violence. Defendant however was not convicted under § 924(c)(3)(B); rather, he was convicted under § 924(c)(3)(A), which *Davis* did not invalidate. His crime of violence was Hobbs Act Robbery, which every circuit to consider the issue has universally held is not vague, including the Ninth Circuit. *United States v. Dominguez*, 954 F.3d 1251 (9th Cir. 2020) (collecting cases). The Ninth Circuit has repeatedly stood by this decision. *See, e.g.*, *United States v. Esteban*, 834 F. App'x 378 (9th Cir. 2021) (unpublished) ("Esteban's contention that Hobbs Act robbery, 18 U.S.C. § 1951, is not a crime of violence for purposes of 18 U.S.C. § 924(c)(3)(A) is foreclosed [by *Dominguez*] . . . Esteban asserts that *Dominguez* was wrongly decided, but as a three-judge panel, we are bound by the decision." (citing *Miller*, 335 F.3d at 900)); *United States v. Stankus*, 834 F. App'x 375 (9th Cir. 2021) (unpublished) (same); *United States v. Espinoza*, 834 F. App'x 379 (9th Cir. 2021) (unpublished) (same); *United States v. Lott*, 834 F. App'x 370 (9th Cir. 2021) (unpublished) (same); *United States v. Tuan Ngoc Luong*, 965 F.3d 973, 990 (9th Cir. 2020). The Court accordingly finds that the record conclusively shows that this claim fails.

Second, Defendant contends that this Court erred by failing to inform him at the change-of-plea hearing that it "lacked the authority to impose a sentence to be served concurrently with any state sentence." This is an incorrect statement of law. The Supreme Court held that district courts can decide whether to impose a sentence concurrently or consecutively to an anticipated state sentence, *Setser v. United States*, 566 U.S. 231, 244–45 (2012), overruling prior Ninth Circuit holdings to the contrary, *see, e.g., United States v. Eastman*, 758 F.2d 1315, 1317 (9th Cir. 1985). This undercuts his argument.

Third, Defendant claims actual innocence on the grounds that the indictment failed to allege that his conduct affected interstate commerce and that he possessed the requisite criminal intent. Generally, a criminal defendant cannot challenge the failure to include an element on an

indictment after pleading guilty. *United States v. Gordon*, No. 3:14-CR-00085-RCJ-WGC, 2021 WL 5238766, at *5 (D. Nev. Nov. 8, 2021). But even if he could, these elements can be easily inferred from the allegations of the indictment even if they are not specifically mentioned. *See United States v. Rivera-Sillas*, 417 F.3d 1014, 1021 (9th Cir. 2005), *amended,* No. 03-50244, 2005 WL 2036900 (9th Cir. Aug. 25, 2005) (allowing for such inferences). For example, the indictment alleges the following:

> On or about April 19, 2011, in the State and Federal District of Nevada, DARRELL CONNERS, did unlawfully obstruct, delay and affect, and attempt to obstruct, delay and affect, commerce as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in commerce, by robbery as that term is defined in Title 18, United States Code, Section 1951, in that defendant, DARRELL CONNERS did unlawfully attempt to take and obtain property, against from the person and in the presence of employees and agents of Spring Valley Pharmacy, located at 2725 South Jones Boulevard, Las Vegas, Nevada, against the will of said employees and agents, and by means of actual and threatened force, physical violence, and fear of injury, immediate and future, to the person of said employees and agents. All in violation of Title 18, United States Code, Sections 1951 and 2.

Lastly, Defendant claims that his counsel was ineffective on four grounds: defense counsel advised him to plead guilty despite the alleged defects of the indictment; defense counsel failed to appeal the alleged Court's error in not informing Defendant that his sentence would be consecutive; defense counsel failed to inform Defendant that he could argue his counsel was ineffective; and defense counsel was ineffective for failing to inform him regarding whether this Court could issue its sentence consecutive or concurrent to a state sentence.

To prove a claim of ineffective assistance of counsel, a petitioner must show that his counsel's assistance was deficient, and this deficiency prejudiced his case. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). There is a strong presumption that counsel's performance is adequate; thus, counsel will be found deficient only when his "acts or omissions were outside the wide range of professionally competent assistance." *Id.* at 690–91. For prejudice, a petitioner

must prove a reasonable probability that the outcome would have been different. *Id.* at 694.

The Court holds that the first three of these claims are without merit. The Court has already noted above that the indictment was not defective and that this Court did not commit the error he alleges. The Court is however persuaded by Defendant's last claim of ineffective assistance of counsel. The issue of whether this Court should impose its sentence to be consecutive of concurrent was not raised to this Court. The Court finds that there is a likelihood that it would have imposed its sentence to be concurrent to the foreseeable state sentence for the same conduct. For this reason, the Court will grant Defendant's motion in part by vacating Defendant's sentence and hold a new sentencing hearing.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. 2255 (ECF No. 111) is GRANTED IN PART and DENIED IN PART as described in this Order.

IT IS SO ORDERED.

Dated May 9, 2022.

_____
ROBERT C. JONES
United States District Judge