# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> DARRELL CONNERS, ) <br> ) <br> Defendant. ) <br> ) | 2:11-cr-00304-RCJ-PAL <br><br> **ORDER** |

The Court must once again consider whether Darrell Conners is entitled to appeal the issue of habeas relief in this case. In January 2023, Conners filed a Notice of Appeal seeking appellate review of the Court's Amended Judgment, (Dkt. 149), the Order on Amended Judgment, (Dkt. 148), the Order granting in part and denying in part his motion to vacate, (Dkt. 136), and "[a]ny other orders entered by the district court that culminated in the resulting Amended Judgment[.]". (Dkt. 150 at 1).

Because the case arises under § 2255, making it subject to § 2253(c), the Ninth Circuit remanded the case to this Court "for the limited purpose of granting or denying a certificate of appealability[.]" (Dkt. 153 at 1). For the following reasons, the Court grants a certificate of appealability as to two issues raised in Conners' motion under § 2255. (*See* Dkt. 111).

I.      Factual Background

In 2013, Conners entered into a plea agreement, waiving his right to file a § 2255 motion, and was sentenced to 191 months in prison. (Dkt. 73). He has since filed multiple motions seeking habeas relief, (*see* Dkt. 74, 81, 82), which were denied by this Court. (*See* Dkt. 76, 84). In 2018, the Ninth Circuit granted Conners leave to file a § 2255 motion "for relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015)", (Dkt. 108 at 1), which Conners soon filed. (Dkt. 111). The motion was denied on the grounds that *Johnson* was "of no aid to Defendant[.]" (Dkt. 116 at 3). The Court declined to reach Conners' other arguments on the basis that "the Court of Appeals only authorized the successive petition based on" the *Johnson* case. (*Id.*).

Conners successfully appealed the order, which was vacated and remanded by the Ninth Circuit for the Court to "consider all claims raised in [Conners'] authorized, successive motion[.]" (Dkt. 126 at 1). Now reviewing the four grounds for relief raised in the motion, (Dkt. 111), the Court again denied habeas relief (1) as a result of the *Johnson* case, (2) due to an alleged legal error by the Court, and (3) based on alleged insufficiencies in the indictment. (Dkt. 136 at 3–5). But the Court did find persuasive his claim of ineffective assistance of counsel ("IAC") and ruled that it would hold a new sentencing hearing. (*Id.* at 5–6).

The Government sought reconsideration arguing both that it was not given an opportunity to respond to Conners' IAC claims and that the claims lacked merit. (Dkt. 137 at 1–2). After holding a hearing on the motion, (Dkt. 146), the Court concluded that Counts 1 and 3 could "run concurrent to [his] state court sentence." (Dkt. 148 at 2). Therefore, the Court applied time served on the state sentence for those counts, (*id.*), and amended the judgment to reflect that change. (Dkt. 149). Now, Conners seeks to appeal the Court's order granting in part and denying in part the

requested habeas relief and all relevant docket entries. (*See* Dkt. 150). In order to do so, he must obtain a COA from this Court. *Ali v. Grounds*, 236 F. Supp. 3d 1241, 1267 n.13 (S.D. Cal. 2017), *aff'd*, 772 F. App'x 580 (9th Cir. 2019).

## II.   Legal Standard

Motions to vacate, authorized by 28 U.S.C. § 2255, cannot be appealed without a COA. 28 U.S.C. § 2253(c); *Jennings v. Stephens*, 574 U.S. 271, 282 (2015); *James v. Giles*, 221 F.3d 1074, 1076 (9th Cir. 2000) (explaining that "the issuance of a certificate of appealability is a prerequisite to [appellate] assertion of jurisdiction"). To overcome Section 2253(c)'s "gate-keeping function," the appellant must make a substantial showing of the denial of a constitutional right. *Jennings*, 574 U.S. at 282. Not to be confused with a merits analysis, a COA analysis asks "only if the District Court's decision was debatable." *Martinez v. Shinn*, 33 F.4th 1254, 1261 (9th Cir. 2022) (citation omitted).

"To meet this standard, the petitioner must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; *or* that the questions are adequate to deserve encouragement to proceed further." *Id.* (internal quotation marks and citations omitted) (emphasis in original). The Supreme Court has noted that "a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." *Buck v. Davis*, 580 U.S. 100, 117 (2017) (cleaned up) (citation omitted). Accordingly, when determining whether a claim meets the standard for appealability, courts should be mindful to use procedures "consonant with the limited nature of the inquiry." *Id.*

### III. Analysis

The four claims for habeas relief raised in Conners' motion are that (1) his plea and conviction under the Hobbs Act are invalid pursuant to the Supreme Court's decision in *Johnson*, (Dkt. 111 at 10), (2) the Court erred "by not advising petitioner before accepting his guilty plea that it lacked authority to impose a sentence to be served concurrently with any state sentences, (*id.* at 9–10); (3) Conners is "actually innocent" because "the necessary elements to support the charge [were] not proven by the government," (*id.* at 7–9), and (4) trial counsel was ineffective for various reasons, (*id.* at 6–7). The Court's order considering all four issues held that "the first three of these claims are without merit," but as to the IAC claim, "there is a likelihood that [the Court] would have imposed its sentence to be concurrent to the foreseeable state sentence for the same conduct" but for trial counsel's ineffectiveness. (Dkt. 136 at 6).

The first and fourth claims raised in Conners' motion meet the standard for issuance of a COA. The Ninth Circuit's order authorizing Conners to file his successive habeas motion noted that "*Johnson* announced a new substantive rule that has retroactive effect in cases on collateral review," thus based on his prima facie showing for relief under *Johnson*, consideration under § 2255 was warranted. (Dkt. 108 at 1). Considering the novelty and importance of the question raised in as a result of *Johnson*, the Court determines the issue "adequate to deserve encouragement to proceed further." *See Martinez*, 33 F.4th at 1261. Similarly, Conners' fourth claim of IAC raises issues that "are debatable among jurists of reason," and therefore is appropriate for appealability. *See id.* Accordingly, the Court certifies for appealability the grant of Conners' IAC claim and the resulting effects on his amended sentence.

As to Conners' second and third claims, the Court declines to certify those issues for appealability. The second argument alleging that the Court erred is premised on "an incorrect statement of law," (Dkt. 136 at 4), thus, the Court "could [not have] resolve[d] the issues in a different manner." *See Martinez*, 33 F.4th at 1261. Similarly, Conners' third claim necessarily fails for two reasons. First, it fails because "[g]enerally, a criminal defendant cannot challenge the failure to include an element on an indictment after pleading guilty." (Dkt. 136 at 4–5) (citing *United States v. Gordon*, 2021 WL 5238766, at *5 (D. Nev. Nov. 8, 2021)). Second, this result is indisputable because the allegedly absent elements "can be easily inferred from the allegations of the indictment even if they are not specifically mentioned." (*Id.* at 5) (citing *United States v. Rivera-Sillas*, 417 F.3d 1014, 1021 (9th Cir. 2005), *amended*, 2005 WL 2036900 (9th Cir. Aug. 25, 2005)).

## CONCLUSION

IT IS HEREBY ORDERED that a Certificate of Appealability is GRANTED as to the issues raised in the first and fourth claims raised in Conners' Motion to Vacate, (Dkt. 111).

IT IS FURTHER ORDERED that a Certificate of Appealability is DENIED as to the issues raised in the second and third claims raised in Conners' Motion to Vacate, (Dkt. 111).

IT IS SO ORDERED.

Dated November 22, 2023.

_____
ROBERT C. JONES
United States District Judge