UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>vs.<br><br>DARRELL CONNERS,<br><br>                    Defendant. | Case No.: 2:11-CR-00304-JCM-PAL<br><br>**ORDER** |

Presently before the court is the Ninth Circuit Court of Appeals' mandate entered on June 3, 2024. (ECF No. 166).

This case has involved numerous appeals regarding defendant's sentence. Most recently, the Ninth Circuit vacated the district court's May 9, 2022, order granting in part and denying in part defendant's 28 U.S.C. § 2255 motion to vacate. (*Id*.). The Ninth Circuit also vacated the district court's amended judgment entered on November 30, 2022. (*Id*.).

The Ninth Circuit remanded this case with instructions for the district court to: (1) enter an order vacating count two of the superseding indictment; (2) enter an order reiterating the grant of relief on defendant's claim that trial counsel was ineffective for failing to request that his federal sentence run concurrent with his state sentence; (3) resentence defendant on counts one and three of the superseding indictment, and (4) enter an amended judgment. (*Id*.).

In accordance with the Ninth Circuit's mandate, the court vacates count two of defendant's superseding indictment because an attempted Hobbs Act robbery is not a crime of violence under 18 U.S.C. § 924(c). *See United States v. Taylor*, 596 U.S. 845 (2022). Defendant's resentencing hearing for counts one and three is set for September 18, 2024, at 10:30 a.m.

Next, the court reiterates its grant of relief as to defendant's ineffective assistance of counsel ("IAC") claim. Specifically, defendant alleges that his trial counsel was ineffective in his failure to inform defendant whether the court could issue its sentence consecutive or concurrent to a state court sentence. (ECF No. 136; 157).

The court finds that Conners' fourth claim of IAC raises issues that "are debatable among jurists of reason," and therefore is appropriate for appealability. *Martinez v. Shinn*, 33 F.4th 1254, 1261 (9th Cir. 2022). Thus, the court certifies for appealability the grant of defendant's IAC claim and the resulting effects of his amended sentence.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that count two of defendant's superseding indictment is VACATED.

IT IS FURTHER ORDERED that a certificate of appealability is GRANTED as to defendant's fourth claim raised in his motion to vacate. (ECF No. 111).

IT IS FURTHER ORDERED this matter is set for resentencing as to counts one and three of defendant's superseding indictment, on September 18, 2024, at 10:30 a.m., where defendant will appear via teleconference.

DATED September 12, 2024.

                                               JAMES C. MAHAN
                                               UNITED STATES DISTRICT JUDGE